**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

MARCIA A. GOMEZ,

        Plaintiff,

-against-

NATIONAL FINANCIAL NETWORK, INC. and
WILLIAM KATZ,

        Defendant(s).

---

20 Civ. 1968 (SJF) (AKT)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTS THREE, FOUR AND FIVE OF THE COMPLAINT**

**COLE SCHOTZ P.C.**
Leo V. Leyva
Randi W. Kochman
Bradley P. Pollina
*Attorneys for National Financial Network, Inc. and William Katz*
1325 Avenue of the Americas
Suite 1900
New York, New York 10019
(212) 752-8000

**TABLE OF CONTENTS**

Page

**PRELIMINARY STATEMENT** ...............................................................................................1

**LEGAL ARGUMENT** ................................................................................................................3

      I.      **Legal Standard on a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**............................................................................................3

      II.      **The Court Should Dismiss Counts Three, Four and Five Because NFN Was Not Plaintiff's "Employer" Under the Fair FLSA or the NYLL** ...................................................................................4

      III.      **The Court Should Dismiss Counts Three and Four Because Plaintiff Is Exempt from Overtime Compensation Under the FLSA and NYLL as a "Highly Compensated Employee."** .................7

      IV.      **The Court Should Dismiss Counts Three and Four Because Plaintiff Fails to Plausibly Allege an Overtime Violation.** ................................10

      V.      **Plaintiff Should Not be Granted Leave to Amend**............................................13

**CONCLUSION** ........................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bellone v. Kraft Power Corp.*,
  2016 WL 2992126 (E.D.N.Y. May 23, 2016) ................................................................... 8, 10

*Bravo v. Established Burger One, LLC*,
  2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013) ................................................................... 4, 6, 7

*Butt v. HF Mgmt. Servs., LLC*,
  2020 WL 207393 (E.D.N.Y. Jan. 14, 2020) ............................................................................. 8

*Cangelosi v. Gabriel Bros., Inc.*,
  2015 WL 6107730 (Oct. 15, 2015) ................................................................................... 8, 10

*Carlin v. Davidson Fink LLP*,
  852 F.3d 207 (2d Cir. 2017) ..................................................................................................... 3

*Chen v. Dunkin' Brands, Inc.*,
  954 F.3d 492 (2d Cir. 2020) ..................................................................................................... 3

*Cuoco v. Moritsugu*,
  222 F.3d 99 (2d Cir. 2000) ..................................................................................................... 13

*Dejesus v. HF Mgmt. Servs., LLC*,
  726 F.3d 85 (2d Cir. 2013) ............................................................................................... 11, 12

*DiFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010) ..................................................................................................... 3

*Gisomme v. HealthEx Corp.*,
  2014 WL 2041824 (E.D.N.Y. May 15, 2014) ....................................................................... 13

*Herman v. RSR Sec. Servs. Ltd.*,
  172 F.3d 132 (2d Cir. 1999) ..................................................................................................... 4

*Irizarry v. Catsimatidis*,
  722 F.3d 99 (2d Cir. 2013) ................................................................................................... 5, 7

*Jones v. Pawar Bros. Corp.*,
  434 F. Supp. 3d 14 (E.D.N.Y. 2020) ........................................................................................ 5

*Lopez v. Acme Am. Env. Co., Inc.*,
  2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012) ............................................................................ 4

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
    711 F.3d 106 (2d Cir. 2013)...........................................................................................11

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
    723 F.3d 192 (2d Cir. 2013)....................................................................................11, 12

*New York State Court Clerks Ass'n v. Unified Court Sys. of the State of New York*,
    25 F. Supp. 3d 459 (S.D.N.Y. 2014)..............................................................................4

*Reiseck v. Universal Commc'ns of Miami, Inc.*,
    591 F.3d 101 (2d Cir. 2010).............................................................................................8

*Serrano v. I. Hardware Distributors, Inc.*,
    2015 WL 4528170 (S.D.N.Y. July 27, 2015) ............................................................6, 13

*Siji Yu v. Knighted LLC*,
    2019 WL 2085990 (S.D.N.Y. May 13, 2019) ................................................................8

*Sullivan v. Doctor's Assocs. LLC*,
    2020 WL 2319295 (S.D.N.Y. May 8, 2020) ................................................................14

*Taveras v. HRV Mgmt., Inc.*,
    2020 WL 1501777 (E.D.N.Y. Mar. 24, 2020) ................................................................4

*Woodward v. Morgenthau*,
    740 F. Supp. 2d 433 (S.D.N.Y. 2010)..........................................................................14

*Zheng v. Liberty Apparel Co. Inc.*,
    355 F.3d 61 (2d Cir. 2003)..............................................................................................5

**Other Authorities**

29 C.F.R. § 541.203 .........................................................................................................9

29 C.F.R. § 541.601 ..........................................................................................7, 8, 9, 10

Fed. R. Civ. P. 12(b)(6)...............................................................................................1, 3

N.Y. Comp. Codes R. & Regs. tit. 12, § 142-3.2.....................................................8, 10

Defendant National Financial Network, Inc. ("**NFN**") respectfully submits this Memorandum of Law in support of its motion to dismiss Counts Three, Four and Five asserted in the Complaint of Plaintiff Marcia Gomez ("**Plaintiff**" or "**Gomez**") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court should grant NFN's motion, and Counts Three, Four and Five should be dismissed, with prejudice.

## PRELIMINARY STATEMENT

Plaintiff contracted with The Guardian Life Insurance Company of America ("**Guardian**"), through a Field Representative Agreement (the "**FR Agreement**") to solicit applications for life, health and group insurance as well as other Guardian products. NFN managed the FR Agreement but did not "employ" Gomez within the meaning of applicable employment statutes. When Gomez became unsuccessful at selling the products as planned, she abandoned her work and manufactured claims of harassment and unfair treatment.

The Complaint in this matter is comprised of a set of farfetched and legally insufficient allegations of sexual harassment, retaliation, and wage and hour violations against NFN and co-defendant William Katz ("**Katz**"). Count One of the Complaint alleges gender discrimination under Title VII of the Civil Rights Act and the New York State Human Rights Law against NFN and Katz. Count Two alleges retaliation under the New York State Human Rights Law against NFN. Counts Three and Four allege overtime violations under the Fair Labor Standards Act ("**FLSA**") and the New York Labor Law ("**NYLL**") by NFN. Count Five alleges NFN's failure to provide accurate "wage statements" under the NYLL. Counts Three, Four and Five fail to state a claim, and must all be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

*First*, the Court should dismiss Counts Three, Four and Five because, in order to be liable under the FLSA or the NYLL, the entity in question must be the Plaintiff's "employer." Plaintiff's FR Agreement with Guardian—which is "integral" to the Complaint and thus may be considered

by the Court on this motion—makes clear, however, that NFN was not her "employer." In particular, that agreement expressly states that Plaintiff and Guardian contracted on a "full-time basis" and that Guardian paid Plaintiff's compensation, precluding a plausible inference that NFN was Plaintiff's employer. Plaintiff also fails to allege plausibly the existence of an employer-employee relationship with NFN, and indeed fails entirely to plead the elements of the governing "economic realities test."

*Second*, even if Plaintiff were somehow deemed an "employee" of NFN, the Court should nevertheless dismiss her overtime claims (Counts Three and Four) because she was exempt from overtime compensation as a "highly compensated" employee. This exemption, which applies under both the FLSA and the NYLL, provides that individuals making over $107,432 per year, and who regularly perform "one or more of the exempt duties" of an administrative professional, are exempt from overtime compensation. As set forth in detail below, Plaintiff's own pleading and the FR Agreement establish the applicability of this test, and thus the overtime violations asserted in Counts Three and Four fail as a matter of law for this reason as well.

*Finally*, Plaintiff fails plausibly to allege an overtime violation under the FLSA or the NYLL, mandating dismissal of Counts Three and Four for an additional reason. Well-established case law requires that, to state an overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours, and must provide sufficient detail about the length and frequency of the unpaid work to support a reasonable inference that the plaintiff worked more than forty hours in a given week. Parroting the language of the relevant overtime statutes—which is all that Plaintiff does—is insufficient as a matter of law. Because Plaintiff fails to state an overtime claim, her related claim alleging failure to provide accurate "wage statements" also fails.

In sum, (1) Plaintiff has not alleged sufficiently that NFN was her "employer" under the FLSA or the NYLL, mandating dismissal of Counts Three, Four and Five in their entirety; (2) Plaintiff was, at most, an exempt employee not entitled to overtime compensation under federal or state law, mandating dismissal of Counts Three and Four; and (3) Plaintiff has, in any event, failed plausibly to allege an overtime violation, also mandating dismissal of Counts Three and Four. Accordingly, the Court should dismiss Counts Three, Four and Five of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice.

## LEGAL ARGUMENT

### I. LEGAL STANDARD ON A MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (citation and internal quotation marks omitted). In addressing a motion to dismiss, a court may consider any "documents attached to the complaint as an exhibit or incorporated in it by reference." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 212 (2d Cir. 2017) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted)). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)).

## II. THE COURT SHOULD DISMISS COUNTS THREE, FOUR AND FIVE BECAUSE NFN WAS NOT PLAINTIFF'S "EMPLOYER" UNDER THE FLSA OR THE NYLL.

Counts Three and Four of the Complaint allege overtime violations against NFN under the FLSA and the NYLL, respectively.[1] Count Five alleges NFN's failure to provide accurate "wage statements" under the NYLL. All three of these counts must be dismissed, because the Complaint fails to allege plausibly that NFN was Plaintiff's "employer" within the meaning of the FLSA or the NYLL.

"To be held liable under the FLSA, a person must be an 'employer.'" *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting 29 U.S.C. § 203(d)); *see also New York State Court Clerks Ass'n v. Unified Court Sys. of the State of New York*, 25 F. Supp. 3d 459, 471 (S.D.N.Y. 2014) ("Only an employer can be held liable under the FLSA."). "Courts have interpreted the definition of 'employer' under the NYLL coextensively with the definition used by the FLSA." *Fermin v. Las Delicias Peruanas Rest.*, Inc., 93 F. Supp. 3d 19, 37 (E.D.N.Y. 2015) (brackets, citation and quotation marks omitted); *accord Bravo v. Established Burger One, LLC*, 2013 WL 5549495, at *5 (S.D.N.Y. Oct. 8, 2013) ("The NYLL uses the same definition of an employer.") (citations omitted). Thus, to be liable under the NYLL, a person must also be an "employer." *See*, *e.g.*, *Lopez v. Acme Am. Env. Co., Inc.*, 2012 WL 6062501, at *3 (S.D.N.Y. Dec. 6, 2012). Importantly, the FLSA and the NYLL "do not apply to workers who are independent contractors, *i.e.* those who are not employees, of the employer." *Taveras v. HRV Mgmt., Inc.*, 2020 WL 1501777, at *5 (E.D.N.Y. Mar. 24, 2020) (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058 (2d Cir. 1988)).

---

[1] A copy of the Complaint is annexed as Exhibit A to the Declaration of Randi W. Kochman, Esq. ("**Kochman Decl**.").

4

"The determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) (citation and quotation marks omitted). Courts employ "four factors to determine the 'economic reality'" of a relationship: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (citation and quotation marks omitted). The "economic reality" test is used to "determine whether an individual is an employee, as opposed to an independent contractor who is not covered under the FLSA." *Jones v. Pawar Bros. Corp.*, 434 F. Supp. 3d 14, 24 (E.D.N.Y. 2020). However, a "court is also free to consider any other factors it deems relevant to its assessment of the economic realities." *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 71-72 (2d Cir. 2003).

The Complaint does not plausibly allege that NFN was Plaintiff's "employer" within the meaning of the FLSA or the NYLL. Critically, Plaintiff signed the FR Agreement with Guardian on October 29, 2017 (a true and accurate copy of which is annexed as Exhibit B to the Kochman Decl.). Although not attached to the Complaint, the FR Agreement is integral thereto: the Complaint contains extensive allegations concerning Plaintiff's relationship with Guardian and her work selling Guardian products during the time period at issue in the Complaint, rendering the Complaint reliant upon the "terms and effect" of the FR Agreement—the core contractual document underlying Plaintiff's relationship with Guardian. (*See* Compl. ¶¶ 28, 35, 112, 138, 139). The FR Agreement, in turn, states that "The Company [Guardian] hereby contracts with the Field Representative [Marcia Gomez] ***on a full-time basis*** . . . ." (FR Agreement ¶ 1.) The FR Agreement also states that it was Guardian that would pay Plaintiff a "salary" and "incentive

5

compensation," and "commissions." (*Id.* ¶¶ 5, 6.) This agreement, on its face, precludes a plausible inference that NFN could be Plaintiff's "employer," because she had contracted with Guardian on a "full-time basis" and it was Guardian that paid her. Under the pragmatic test employed by courts in this Circuit, Plaintiff was not an employee of NFN. Accordingly Counts Three, Four and Five—which assert claims against NFN under the FLSA and the NYLL—must all be dismissed, as a matter of law.

The Complaint is, moreover, devoid of meaningful allegations that NFN was Plaintiff's "employer" under the FLSA or the NYLL. The existence of an employer-employee relationship is not merely presumed, and "[a] plaintiff must plead specific facts to support a finding that a defendant is an 'employer.'" *Serrano v. I. Hardware Distributors, Inc.*, 2015 WL 4528170, at *2 (S.D.N.Y. July 27, 2015). Further, "[c]ourts in this circuit have held that 'mere boilerplate allegations that an individual meets the various prongs of the economic reality test' are insufficient to survive a motion to dismiss." *Bravo*, 2013 WL 5549495, at *7 (quoting *Diaz v. Consortium for Worker Educ., Inc.*, 2010 WL 3910280, at *4 (S.D.N.Y. Sept. 28, 2010) (additional citations omitted)). Boilerplate allegations are all that Plaintiff here makes. In fact, Plaintiff abjectly fails even to allege facts sufficient to meet the "economic realities test." In particular, the only allegations in the Complaint concerning an alleged employer-employee relationship between Plaintiff and NFN are that: (1) "Defendant [NFN] was Plaintiff's 'employer' under all the relevant statutes" (Compl. ¶ 10); (2) "Upon information and belief, Defendant NFN maintained control, oversight, and direction over their operations and employment practices" and "over its employees, including Plaintiff" (*id.* ¶¶ 13, 16); (3) "Defendant NFN employed employees, including Plaintiff . . . .") (*id* .¶ 14); and (4) "Defendant NFN maintained timekeeping, payroll and other employment practices that applied to them" (*id.* ¶ 16). These rote, formulaic allegations are

6

entirely devoid of factual detail and fall short, by a wide margin, of plausibly alleging an employer-employee relationship under the FLSA or the NYLL.  Indeed, Plaintiff does not even attempt to plead satisfaction of the elements of the "economic realities" test, including whether NFN 1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedules or conditions of employment, or (3) determined the rate and method of payment.  *See Irizarry*, 722 F.3d at104.

Thus, Counts Three, Four and Five must also be dismissed because Plaintiff fails to meet her burden of pleading "specific facts" to support a plausible inference that NFN was her employer under the FLSA or the NYLL.  *Cf. Bravo* 2013 WL 5545494, at *7 (dismissing FLSA and NYLL claims because Plaintiff alleged "no specific facts, aside from the elements of the 'economic reality test' to satisfy her pleading burden").

### III. THE COURT SHOULD DISMISS COUNTS THREE AND FOUR BECAUSE PLAINTIFF IS EXEMPT FROM OVERTIME COMPENSATION UNDER THE FLSA AND NYLL AS A "HIGHLY COMPENSATED EMPLOYEE."

As discussed, the Complaint does not plausibly allege that NFN was Plaintiff's "employer" within the meaning of the FLSA or the NYLL, thus precluding the imposition of liability under those statutes, as a matter of law.  But even were NFN deemed to be Plaintiff's "employer," Counts Three and Four of the Complaint, alleging overtime violations under the FLSA and the NYLL respectively, must also be dismissed because Plaintiff was exempt from overtime compensation under both statutes as a "highly compensated" employee.

The FLSA provides numerous exemptions to its overtime requirements, including the "highly compensated employee" exemption.  29 C.F.R. § 541.601.  This exemption applies where the employee (1) has "total annual compensation of at least [$107,432]"; (2) 'customarily and regularly perform[ ] *any one or more* of the exempt duties or responsibilities of an executive,

7

administrative, or professional employee'; and (3) ha[s] a 'primary duty [that] includes performing office or non-manual work.'" *Bellone v. Kraft Power Corp.*, 2016 WL 2992126, at *4 (E.D.N.Y. May 23, 2016) (Feuerstein, J.) (quoting 29 C.F.R. § 541.601) (emphasis in original). "A high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties." 29 C.F.R. § 541.601(c); *see also Siji Yu v. Knighted LLC*, 2019 WL 2085990, at *6 (S.D.N.Y. May 13, 2019) (same). The same exemption applies under the NYLL. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-3.2 (providing that the NYLL mandates overtime pay at the same rate as the FLSA and applies the same exemptions); *see also Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 104 (2d Cir. 2010).

Dismissal of an overtime claim on the basis of an exemption is appropriate where, as here, the "allegations in the plaintiff's complaint establish that the plaintiff qualifies [for the exemption] as a matter of law." *Butt v. HF Mgmt. Servs., LLC*, 2020 WL 207393, at *5 (E.D.N.Y. Jan. 14, 2020) (dismissing FLSA overtime claim where complaint itself established applicability of exemption and "[n]o amount of discovery" would establish otherwise); *see also Cangelosi v. Gabriel Bros., Inc.*, 2015 WL 6107730, at *3 (Oct. 15, 2015) (dismissing FLSA overtime claim where "Plaintiff's own allegations" established applicability of exemption).

Here, Plaintiff's own pleading, along with the FR Agreement which is integral to the Complaint, establish that she was exempt from overtime compensation as a highly compensated employee. First, Plaintiff alleges that she earned compensation of "$10,000 per month"—*i.e.*, $120,000 per year. (Compl. ¶ 28.) Therefore, there is no dispute that she earned in excess of $107,432 annually, and that she meets the salary component of the highly compensated employee exemption. *See* 29 C.F.R. § 541.601(a).

8

The Complaint and the FR Agreement (which is integral to the Complaint) also establish that Plaintiff "customarily and regularly perform[ed] any one or more of the exempt duties or responsibilities" of an "administrative professional," which includes a professional, like Plaintiff "[w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." *Id.* §§ 541.601(c); 541.200(a)(3). On this point, the FR Agreement states that the "Field Representative [Plaintiff] ***shall be free to exercise his or her judgment*** as to the time and place of solicitation within [the] territory of persons acceptable to the Company, and ***as to the general conduct of his or her business***, but he or she shall comply with and be bound by rules of the Company now in force or as they hereafter may be amended or supplemented; such rules, however, are ***not to interfere with such freedom of action of the Field Representative***." (Kochman Decl., Ex. B ¶ 4) (emphasis added).)

Plaintiff herself also alleges that she performed "one or more of the exempt duties or responsibilities" of an administrative employee in light of her allegations that she was to "provide clients with financial planning," including "financial advice consultation services," and that she worked as a "financial advisor." (Compl. ¶¶ 24, 34.) Indeed, Department of Labor regulations expressly provide that

> [e]mployees in the financial services industry generally meet the duties requirements for the administrative exemption if their duties include work such as collecting and analyzing information regarding the customer's income, assets, investments or debts; determining which financial products best meet the customer's needs and financial circumstances; advising the customer regarding the advantages and disadvantages of different financial products; and marketing, servicing or promoting the employer's financial products.

29 C.F.R. § 541.203(b). Plaintiff thus meets the "exempt duties" component of the exemption, as well.

9

Finally, for the same reasons that the Complaint establishes that Plaintiff meets the "exempt duties" test, the Complaint also establishes that Plaintiff had a "primary duty [that] includes performing office or non-manual work." *Bellone*, 2016 WL 2992126, at *6; *see also* 29 C.F.R. § 541.601(d). Plaintiff's work as a financial advisor, in connection with which she provided financial planning consultation services to clients, clearly constituted "office or non-manual work" within the meaning of 29 C.F.R. § 541.601(d).

In summary, Plaintiff's own allegations and the FR Agreement clearly establish all three factors of the "highly compensated employee" exemption under the FLSA, mandating dismissal of Count Three of the Complaint. The allegations likewise mandate dismissal of Count Four of the Complaint, seeking overtime pay under the NYLL, because as noted, the NYLL applies the same exemptions as the FLSA. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-3.2 (providing that the NYLL mandates overtime pay at the same rate as the FLSA and applies the same exemptions); *see also Cangelosi*, 2015 WL 6107730, at *3 (granting motion to dismiss NYLL claim upon finding plaintiff was exempt under the FLSA, because "New York law governing overtime pay is defined and applied in the same manner as the FLSA.") (citation and quotation marks omitted).

## IV. THE COURT SHOULD DISMISS COUNTS THREE AND FOUR BECAUSE PLAINTIFF FAILS TO PLAUSIBLY ALLEGE AN OVERTIME VIOLATION.

If NFN could even be deemed Plaintiffs' "employer," Plaintiff was, at most, a "highly compensated" employee who was exempt from overtime pay under the FLSA and the NYLL. But Plaintiff also fails, in any event, to adequately plead a claim for overtime compensation. This provides an independent basis to dismiss Counts Three and Four of the Complaint, alleging overtime violations under the FLSA and NYLL, respectively.

"[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."

10

*Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). "Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013). Crucially, a plaintiff is "at least . . . required to do more than repeat the language of the statute," and an overtime claim must be dismissed where, as is the case here, the plaintiff "no more than rephrase[es] the FLSA's formulation" of overtime pay requirements. *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013).

The Second Circuit has expounded upon the degree of factual specificity required to state a plausible overtime claim in *Lundy*, *Nakahata*, and *DeJesus*. In *Lundy*, the Second Circuit found that the plaintiffs failed to state an FLSA claim because they did not allege a "single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." 711 F.3d at 114. Specifically, one of the plaintiffs failed to provide any factual detail as to "how occasionally" or "how long" her shifts in excess of 40 hours were, or that "she was denied overtime pay in any such particular week." *Id.* at 115.

In *Nakahata*, the plaintiffs alleged that they "regularly worked hours both under and in excess of forty per week and were not paid for all of those hours," that is, they "merely alleged that they were not paid for overtime hours worked." 723 F.3d at 199, 201. The Second Circuit found that these allegations only "raise[d] the possibility that Plaintiffs were undercompensated," and did not state a claim under the FLSA or the NYLL because the plaintiffs did not "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week" and thus "failed to plead

11

sufficient facts to make it plausible that they worked uncompensated hours in excess of 40 in a given week. *Id.* at 201.

Finally, in *Dejesus*, the plaintiff pled that she worked more than 40 hours a week in "some or all weeks" without being paid "1.5 times her rate of compensation." 726 F.3d at 89 (internal quotation marks omitted). The Second Circuit found that these allegations were insufficient to state a claim because the plaintiff "did not estimate her hours in any or all weeks or provide any other factual context or content" and "[i]ndeed, her complaint was devoid of any numbers to consider beyond those plucked from the statute." *Id.*

Plaintiff's Complaint provides none of the required factual specificity, and is precisely the kind of threadbare complaint that fails to state a plausible claim for overtime compensation under the Second Circuit's pleading standards. The Complaint contains only the most formulaic and generalized allegations, and appears not even to make a serious effort to state an overtime claim. In particular, the Complaint alleges only that: "From November 2017 to March 2018, Plaintiff regularly worked over 40 hours each week" (Compl. ¶ 136); "From November 2017 to March 2018, Plaintiff typically worked 60 hours a week" (*id.* ¶ 137); and Defendants "failed to pay her premium overtime pay for all hours she worked over 40 per week," (*id.* ¶ 143.) Plaintiff strikingly does ***not*** "provide sufficient detail about the length and frequency of [her alleged] unpaid work to support a reasonable inference that [she] worked more than forty hours in a ***given week***" and thus "fail[s] to plead sufficient facts to make it plausible that [she] worked uncompensated hours in excess of 40 in a given week." *Nakahata*, 723 F.3d at 201 (emphasis added). She also does ***not*** "estimate her hours in any or all weeks or provide any other factual context or content." *DeJesus*, 726 F.3d at 89. Indeed, the Complaint is "devoid of any numbers to consider beyond those plucked from the statute." *Id.*

12

In sum—just like the plaintiff in *DeJesus*—Plaintiff here merely "track[s] the statutory language of the FLSA, lifting its numbers and rehashing its formulation," but "alleg[es] ***no particular facts*** sufficient to raise a plausible inference of an FLSA overtime violation." *Id.* (emphasis added). Accordingly, Counts Three and Four of the Complaint must be dismissed for failure to state a plausible claim for overtime compensation under the FLSA and the NYLL. *Cf. Serrano*, 2015 WL 4528170, at *4 (dismissing overtime claims where plaintiffs alleged they "worked 'an average' of 62 and 60 hours per week, respectively" but did "not allege that they worked more than 40 hours in a 'given' work week," which amounted to "conclusory assertions, without any supporting factual context, that they worked some number of excess hours in some unidentified week") (citation and quotation marks omitted); *Gisomme v. HealthEx Corp.*, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (plaintiff's "allegation of an 'average' of 50 hours or more" per week was "insufficient to state a claim for failure to pay overtime compensation 'in a given workweek'") (quoting *Lundy*, 711 F.3d at 114)).[2]

### V. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND

The Court should dismiss Counts Three, Four and Five of the Complaint, with prejudice, and should not grant Plaintiff leave to amend. The Complaint is deficient as a matter of law, and no amendment could cure the fact that NFN was not Plaintiff's "employer" under the FLSA or the NYLL or the fact that Plaintiff was exempt from overtime compensation as a "highly compensated employee." Given that the "problem with [Plaintiff's] causes of action is substantive[,] better pleading will not cure it" and "[r]epleading would thus be futile." *Cuoco v. Moritsugu*, 222 F.3d

---

[2] Because Plaintiff was exempt from overtime compensation and also fails to allege sufficient facts to state an overtime claim, her related claim for failure to provide accurate wage statements under NYLL § 195(3) (Count Five) also fails.

13

99, 112 (2d Cir. 2000); *see also Sullivan v. Doctor's Assocs. LLC*, 2020 WL 2319295, at *7 (S.D.N.Y. May 8, 2020) (leave may be denied following grant of motion to dismiss where amendment would be futile); *Woodward v. Morgenthau*, 740 F. Supp. 2d 433, 441 (S.D.N.Y. 2010) (denying leave to amend because the complaint "fail[ed] as a matter of law," and therefore "any leave to replead would be futile"). Accordingly, leave to replead Counts Three, Four and Five should be denied.

## CONCLUSION

For the reasons stated above, Defendant National Financial Network, Inc., respectfully requests the Court to dismiss Counts Three, Four and Five of the Complaint, with prejudice.

DATED: New York, New York  COLE SCHOTZ P.C.
August 14, 2020

By: */s/ Randi W. Kochman*
Leo V. Leyva
Randi W. Kochman
Bradley P. Pollina
*Attorneys for National Financial Network, Inc. and William Katz*
1325 Avenue of the Americas
Suite 1900
New York, NY 10019
(212) 752-8000

14